[Civil No. 122.   Filed April 4, 1885.]

[S. C. 6 Pac. 479.]

JOHN MULDOON et al., Plaintiffs and Appellants, v. O. F. PLACE et al., Defendants and Respondents.

1. PLEADING—DILATORY PLEAS AND MOTIONS—MUST BE FILED PROMPTLY OR RIGHT LOST.—All dilatory pleas or motions must be pleaded in apt time,—that is, at the earliest practicable moment,— or the right to plead or make the motion will be waived.

2. PRACTICE—MOTION TO DISMISS FOR WANT OF COST BOND DILATORY— RIGHT TO MAKE MOTION LOST AFTER DEMURRER FILED.—A motion to dismiss for want of a bond for costs is a dilatory motion, and if not interposed in the first instance is waived. After filing a demurrer it is then too late to ask for and require plaintiffs to file a bond for costs, and it is error to allow defendants' motion to dismiss for want of cost bond.

3. LAWS 1883, ACT 100, CITED.

APPEAL from a judgment of the District Court of the Third Judicial District in and for the County of Yavapai. Reversed.

The facts are stated in the opinion.

Rush and Herndon, for Appellants.

The defendants Cline, Porter and Fares waived their right to ask for a dismissal for want of bond by filing their demurrer to plaintiff's complaint, for the reason that all technical irregularities must be taken advantage of at the

earliest opportunity; and any appearance, or pleading, of any
kind, made, or filed, after the accruing of such technical
irregularity is a waiver of the right to take advantage of such
irregularity. *Parker* v. *Williams,* 4 Paige Ch. (N. Y.) 489;
Thompson Prov. Rem. 447; Drake on Attachment, Secs. 112,
144 (4th Ed.); *Nichols* v. *Nichols,* 10 Wend. 560; *Hart* v.
*Small,* 4 Paige Ch. (N. Y.) 288.

Churchill and Dann, for Respondents.

The fact being admitted that no bond was filed at the com-
mencement of the suit the judgment of dismissal should be
affirmed.

PINNEY, J.—This action was commenced to recover the
possession of a mining claim. The complaint was filed August
27, 1883. A demurrer to the complaint was filed October 8,
1883. November 8, 1883, a motion was made to dismiss the
case for a failure of plaintiff to comply with an act entitled
"An act to suppress vexatious litigation;" in other words,
for failure of plaintiffs to give a bond for costs, including
attorney's fees, before commencing suit. This the laws
of March, 1883, require to be done in all cases sounding in
tort, or for any interest in real estate not evidenced by
writing. The bond is to be signed by two good and sufficient
sureties. No provision is made for the approval of the bond,
and no mention is made as to what the amount of the bond
should be. It does provide that for a failure to comply with
the law on part of plaintiff the action shall be by the court
dismissed. Upon the motion so made this action was by the
court below dismissed, from which said order of dismissal
the plaintiffs appeal to this court.

Were it not for the fact that the law in question had been
repealed by the legislature, we should comment upon the
constitutionality of the same; but as this case must be
reversed upon another point, we deem it unnecessary to dis-
cuss that question.

It is not necessary to cite authorities upon the proposition
that all dilatory pleas or motions must be pleaded in apt
time—that is, at the earliest practicable moment—or the

right to plead them or make the motion will be waived. A motion to dismiss for want of a bond for costs is a dilatory motion, and if not interposed in the first instance is waived. *Trustees* v. *Walters,* 12 Ill. 154. After filing a demurrer it was then too late to ask for and require plaintiffs to file a bond for costs, and the court below erred in allowing defendants' motion to dismiss.

Judgment and order reversed, and cause remanded for further proceedings.

Howard, C. J., and Fitzgerald, J., concurring.