[Civil No. 1244.    Filed March 6, 1913.]

[130 Pac. 605.]

## MIAMI COPPER COMPANY, a Corporation, Appellant, v. CLOYD STROHL, Appellee.

1. APPEAL AND ERROR—ASSIGNMENT OF ERROR—SUFFICIENCY—RULES.— Under supreme court rule 8 (*ante*, p. xliii, 126 Pac. xi), requiring all assignments of error to distinctly specify each ground of error relied upon and the particular ruling complained of, and providing that an assignment of error to the overruling of a motion for a new trial

based upon more than one ground will not be considered specific unless each ground is separately stated, assignments of error as to the grounds submitted in a motion for a new trial, separately stated and with such particularity as to apprise the court of the precise error complained of, but without an assignment of error to the overruling of the motion itself, were sufficient.

2. APPEAL AND ERROR — SCOPE OF REVIEW — APPEAL FROM JUDGMENT ONLY—ORDER DENYING NEW TRIAL—"INTERMEDIATE ORDER."—Civil Code of 1901, paragraph 1493, gives an appeal to the supreme court from any final judgment of the district court in civil cases; paragraph 1214 gives it appellate jurisdiction of orders refusing a new trial; paragraph 1213 provides that upon appeal it may review any intermediate order involving the merits and necessarily affecting the judgment; and paragraph 1443 declares that, in case the complaint is not answered, the summons with the return of service, the complaint with an indorsed memorandum of default, and a copy of the judgment shall constitute the judgment-roll, and that in other cases it shall be constituted by the summons, pleading, copy of the judgment, and orders relating to a change of parties. *Held,* that an order overruling a motion for a new trial was not an "intermediate" order, such order being one made between the commencement of the action and its final determination, incident to and during its progress, which does not determine the cause but only some intervening matter relating thereto; that orders involving the merits and necessarily affecting the judgment, but not expressly made appealable, might be reviewèd on appeal from the judgment alone, when they form no part of the judgment-roll but are made a part of the record by filing therein either a statement of facts or a transcript of the court reporter's notes as provided by Laws of 1907, No. 74; but that, on appeal from the judgment alone without error assigned appearing in the judgment-roll or in the intermediate orders, the court could not review an order denying the motion for a new trial.

3. APPEAL AND ERROR—CONTROL OF LEGISLATURE.—While the legislature cannot enlarge or circumscribe the constitutional jurisdiction of the supreme court, the manner of taking and perfecting appeals and presenting questions for review are proper matters of statutory regulation, and there must be a substantial compliance with the statute to give jurisdiction to the appellate court.

4. COSTS—SECURITY—GROUNDS OF RIGHT.—An application for security for costs, being dilatory, is looked upon with disfavor by the courts.

5. COSTS—RIGHT TO SECURITY—WAIVER—"TRIAL."—Security for costs is a personal privilege which may be waived; and a motion for security not made until after one trial of the cause is had—using the word "trial" to mean the judicial examination of the issues between the parties, whether issues of law or fact—is too late.

APPEAL from a judgment of the District Court of the Fifth Judicial District, in and for the County of Gila. E. W. Lewis, Judge. Affirmed.

The facts are stated in the opinion.

Messrs. Alderman & Elliott, for Appellant.

Mr. Geo. R. Hill and Mr. Norman J. Johnson, for Appellee.

FRANKLIN, C. J.—The appellee, as plaintiff, commenced an action in the court below to recover damages for personal injuries sustained by him while in the employment of appellant, the defendant. The defendant was, at the time of the injury, engaged in the operation of a mine, and the plaintiff was employed as a pumpman, whose duties required him to descend in the shaft of defendant's mine by means of a cage furnished by defendant. The gravamen of the plaintiff's complaint is that defendant failed in its duty as an employer to furnish him with safe appliances and a safe place by which to enter those parts of the mine where his duties as a pumpman required him to go. The defendant provided a cage for sending its employees down to the different levels of the mine, and, when the shifts were ended, the cage was used for bringing them to the surface. At other times this cage was used by the defendant in hoisting and lowering the steel drills used by the men in their mining operations. These drills were of varying lengths, ranging from two to six feet long and from one inch to nearly three inches thick, sharpened to a fine point at one end. When lowered into the mine the drills were placed upright in the cage, the unsharpened end resting on the floor thereof. On May 17, 1910, while the plaintiff was in this cage being lowered in the shaft to his place of work, he was injured quite severely by means of one of these steel drills having fallen through a hole in the floor of the shaft, the sharp end of the drill projecting upward and into the shaft, the plaintiff being injured by this drill piercing through the floor of the cage and going through his leg. The defendant denied the allegations of the complaint and alleged affirmatively the

defense of assumption of risk and contributory negligence. There were two trials before a jury. On the first trial the jury disagreed, and on the second trial the jury returned a verdict in favor of the plaintiff for $1,000. After the first trial, but before the second, the defendant made application that plaintiff give security for costs, and the court made an order requiring such security, but plaintiff filed an affidavit alleging his inability to do so. The defendant questioned the sufficiency of the showing made by plaintiff, and moved to dismiss the suit for failure to comply with the order of the court. The motion to dismiss was denied. After judgment the defendant moved for a new trial, the motion being overruled. This appeal is taken from the judgment alone. There is no appeal from the order overruling the motion for a new trial.

The grounds of the motion embraced alleged errors of the trial court occurring during the progress of the trial in admitting and rejecting evidence; in giving and refusing instructions; the insufficiency of the evidence; that the verdict is contrary to law and was given under the influence of passion and prejudice.

The appellant makes twelve assignments of error in this court. The first error assigned involves the denial of the defendant's motion to dismiss the case based on the defendant's failure to give the security for costs. The other eleven assignments go to the insufficiency of the evidence to support the verdict, errors of the trial court committed during the progress of the trial in the admission and rejection of evidence, and the giving and refusing instructions to the jury. The appellant does not—*ipsissimis verbis*—assign as error the action of the court in overruling the motion for a new trial, and for this reason the appellee insists that, with the exception of the first assignment, the other alleged errors are insufficiently assigned and this court may not consider them; the reason advanced being that, as these assignments present errors which are good ground for a new trial, if the ruling of the court denying the motion is not in the very words assigned as error, the error of the court, if any, is waived by the failure to so assign.

In support of this contention appellee cites the following cases: *Turner* v. *Franklin,* 10 Ariz. 188, 85 Pac. 1070; *Put-*

*nam* v. *Putnam,* 3 Ariz. 182, 24 Pac. 320; *Greer* v. *Richards,* 3 Ariz. 227, 32 Pac. 266; *Tietjen* v. *Snead,* 3 Ariz. 195, 24 Pac. 324; *Lemon* v. *Ward,* 3 Ariz. 219, 73 Pac. 443; *County of Maricopa* v. *Osborn,* 4 Ariz. 331, 40 Pac. 313. An examination of these cases will show that they are not exactly in point on the question now before the court. In the first three cases there was no motion for a new trial made in the lower court, and the supreme court decided that the remedy appellants sought in the appellate court may have been awarded to them in the court below on motion for a new trial, and until appellant has exhausted his remedies in the lower court he will not be heard to complain on appeal. No such motion having been made, the alleged errors would not be considered. In the last three cases the motion for a new trial, and the ruling thereon, were not preserved in a bill of exceptions or statement of the case as required by the statute, hence the appellate court could not consider the error in the ruling upon the motion as the matter was not before them.

The rules of this court, in substance, provide that all assignments of errors must distinctly specify each ground of error relied upon and the particular ruling complained of. If the assignment of error be that the court overruled a motion for a new trial, and the motion is based upon more than one ground, the same will not be considered distinct and specific by this court unless each ground is separately and distinctly stated in the assignment of errors. Rule 8 (*ante,* p. xliii, 126 Pac. xi), Assignments of Errors.

While appellant did not assign that the court erred in overruling defendant's motion for a new trial, it did assign as error such grounds embraced in the motion which it relies upon for a reversal of the judgment. These grounds are separately and distinctly stated in the assignment, and with such definiteness and particularity as to fully apprise this court and the opposing counsel of the precise error of the lower court of which complaint is made. While it would, perhaps, be more logical procedure and better practice to assign specifically error upon the action of the court in overruling the motion for a new trial, and then follow with each ground of the motion relied upon being separately and distinctly stated, we think a phrasing of the assignment omitting the first re-

quirement, but complying with the latter, is sufficient. It would be a somewhat harsh and technical rule to hold that, where the appellate court and the opposing counsel are fully advised of the errors relied upon for a reversal by a separate, specific and distinct statement of each ground of the motion for a new trial relied upon in the assignment, the failure to formally make the general assignment that the court erred in overruling the motion for a new trial precludes this court from a consideration of such alleged errors. This is emphasized by the rules of practice prescribed by the court providing that, if the assignment of error be that the court erred in overruling a motion for a new trial, and the motion is based upon more than one ground, the same will not be considered distinct and specific by this court, unless each ground is separately and distinctly stated in the assignment of errors.

In speaking of the rules with reference to assignments of error, the supreme court of Texas has said: "It is to be borne in mind that the statute and rules which require errors to be assigned were intended primarily for the relief of the appellate courts, and to secure a prompt dispatch of the business that should be brought before them. They should be given a reasonable and practicable construction, and not one calculated to embarrass suitors in the appellate tribunals by unnecessary restrictions." *Clarendon etc. Land Co.* v. *Mc-Clelland Bros.*, 86 Tex. 191, 22 L. R. A. 105, 23 S. W. 1103.

The object sought by the statute and rules is to clearly apprise the appellate court and the opposite party of the specific error of which complaint is made. *St. Louis etc. Ry. Co.* v. *McArthur*, 96 Tex. 65, 70 S. W. 317.

We think the assignments before us meet the requirements.

The appellee next contends that the appeal being prosecuted from the judgment only, and there being no appeal from the order of the court overruling the motion for a new trial, this court is precluded from reviewing any of the appellant's assignments of error, except the first, for the reason that such alleged errors are properly embraced in and presented to the trial court in the motion for a new trial, and unless the order of the court in overruling the motion is appealed from this court has no jurisdiction to consider the same. This contention is sound.

While it would not be competent for the legislature to enlarge or circumscribe the appellate jurisdiction of this court as prescribed by the constitution, the method and manner of taking and perfecting appeals and presenting questions for review are, however, peculiarly matters of statutory regulation, and there must be a substantial compliance, with the statute provided in order to confer jurisdiction upon the appellate court.

The appellant is charged with the duty of taking his appeal and presenting his case for review in the manner provided by law, and error in this regard affects the jurisdiction of this court.

The question is presented: Can this court on an appeal from the judgment alone review an order denying a motion for a new trial on any of the grounds properly embraced in such motion?

In the Compiled Laws of Arizona of 1864–71, page 438, embodying what is known as the Howell Code, it was provided:

"Sec. 349. An appeal may be taken to the supreme court from the district courts in the following cases: (1) From the final judgment rendered in an action or special proceeding commenced in those courts or brought into those courts from another court; (2) from an order made granting or refusing a new trial or which affects a substantial right in an action or proceeding."

"Sec. 346. Upon an appeal from a judgment the court may review any intermediate order involving the merits and necessarily affecting the judgment."

These provisions were carried into the Compiled Laws of 1877 (sections 2785, 2782).

The supreme court of Arizona, in the case of *Grounds* v. *Ralph*, 1 Ariz. 227, 25 Pac. 648, having the foregoing provisions of the statute in force, said: "There is no appeal here from the order denying a new trial. The appeal is from the judgment only. In such cases the only thing before the court is the judgment-roll, as defined by statute, and, no matter how many other papers the clerk may choose to embody in the transcript, this court cannot act upon anything but the judgment-roll." While in this case the appeal was dismissed because the amount of the judgment was not sufficient to give

the appellate court jurisdiction, and the language used was perhaps not necessary to a decision of the cause, nevertheless it is a strong intimation of what the construction of that statute would have been had the appeal been properly before the court.

Coming to the Revised Statutes of 1887 (Civ. Code), we find the law regulating appeals materially changed. Paragraph 846 provides: "An appeal or writ of error may be taken to the supreme court from any final judgment of the district court rendered in civil cases." Paragraph 593: "The supreme court shall have jurisdiction to review upon appeal, or other proceedings provided by law: (1) A judgment in an action or proceeding commenced in the district courts, when the matter in dispute exceeds two hundred dollars, or when the possession of land or tenements is in controversy, or brought into that court from another court, and to review, upon the appeal from such judgment, any intermediate order involving the merits and necessarily affecting the judgment. (2) An order, granting or refusing a new trial, sustaining or overruling a demurrer, or affecting a substantial right in an action or proceeding."

It is clear from the foregoing provisions that the supreme court had appellate jurisdiction from final judgments only. *Bogan* v. *Pignataro*, 3 Ariz. 383, 29 Pac. 652. And it is equally clear that on an appeal from a final judgment the supreme court had jurisdiction, under this statute, to review an order of the lower court overruling a motion for a new trial, for the statute made provision therefor. Paragraph 846, above quoted, gave the right of appeal from a final judgment, and paragraph 593 provided what the court had jurisdiction to review upon an appeal from such final judgment, which included a review of the order overruling the motion for a new trial.

In *Carroll* v. *Byers*, 4 Ariz. 158, 36 Pac. 499, the court, having the Revised Statutes, 1887, before it, said: "Whether paragraph 593 is to be construed as giving the right of appeal directly from an order overruling a motion for a new trial or not, we think there can be no question but that the appeal from the judgment carries with it jurisdiction to review all orders affecting the judgment, including an order

refusing a new trial, and that until final judgment is entered the aggrieved party is not required to take his appeal.''

The present appeal is governed by Revised Statutes of Arizona of 1901, and material changes from the Revised Statutes of 1887, will be noticed.

"Par. 1493. An appeal or writ of error may be taken to the supreme court from any final judgment of the district court rendered in civil cases, and from any of the orders mentioned in section 1214, which the supreme court has jurisdiction to review.''

"Par. 1214. The supreme court shall also have jurisdiction to review upon appeal or other proceedings provided by law the following orders of the district court: (1) An order refusing a new trial or granting a motion in arrest of judgment. (2) Any order affecting a substantial right, made in any action when such order in effect determines the action and prevents judgment from which an appeal might be taken. (3) A final order affecting a substantial right made in special proceedings or upon a summary application in any action after judgment. (4) An order or judgment in *habeas corpus* cases. If any of the above orders or judgments are made or rendered by a judge, the same are reviewable as if made by a court.''

"Par. 1213. Upon the appeal or writ of error the supreme court may review any intermediate order involving the merits and necessarily affecting the judgment.''

An order overruling a motion for a new trial is not an intermediate order such as is mentioned in paragraph 1213. An order made before judgment in a cause is intermediate; that is to say, it is an order made between the commencement of the action and its final determination, incident to and during the progress of the action, which determines, not the cause, but only some intervening matter relating to the cause.

"Intermediate" is defined in Cyc., volume 22, page 1588, as follows: "Lying or being in the middle place or degree or between two extremes; coming or done between; intervening; interposed; interjacent.''

Proceedings on motion for a new trial are independent of the judgment and collateral thereto, and an appeal from the order on the motion is independent of appeal from the judgment. Haynes on New Trial and Appeal, sec. 2; *Molt* v.

*Northern Pac. Ry. Co.,* 44 Mont. 471, 120 Pac. 809; *Knowles* v. *Thompson,* 133 Cal. 245, 65 Pac. 468.

All orders made in cases before judgment, other than those enumerated, are therefore unappealable, for, as the manner of taking an appeal is purely statutory, the right cannot be extended to cases not included within the statute. And it follows that such nonappealable orders involving the merits and necessarily affecting the judgment may, under the terms of the statute, be reviewed on appeal from the judgment alone when properly presented in the record.

In the Penal Code of Montana, section 2321 (Rev. Codes, sec. 9416) it is provided: "Upon an appeal taken by the defendant from a judgment, the court may review any intermediate order, *or ruling* involving the merits, or which may have affected the judgment"—this section being identical with section 1259 of the Penal Code of California. In construing the scope of review by the appellate court under this statute, the Montana court said: "Under the old code, the appellate court was limited in its review to any decision of the court or any intermediate order made in the progress of the case; under the new code, upon appeal from a judgment, the court may review not only an intermediate order, but likewise *a ruling involving the merits, or which may have affected the judgment.* In the use of the word 'ruling' the legislature evidently intended to permit a review of the actions of the district court upon matters of law in the exclusion or admission of testimony involving the merits of the case on an appeal from the judgment only. Such rulings had not been included in the interpretation of the words 'decision or intermediate order' in the older statute; that is, a distinction has been recognized between a decision and a ruling. The older statute is therefore to be distinguished from the new. In the one, a decision or order was regarded as a determination by the court in the settlement of the controversy or matter before it; while in the new code a ruling means generally a settlement or decision of a point of law arising upon the trial of the case, without necessarily the force or solemnity of a judgment or order. Black's Law Dictionary; Century Dictionary. We do not hold that under section 2321, above cited, matters may be reviewed on appeal from a judgment only when they are embraced within any of the provisions of

the law made for granting new trials (section 2192), except errors in the decision of questions of law arising during the course of the trial. The latter errors can, however, be reviewed either upon appeal from the judgment, or from an order overruling a motion for a new trial.'' *State* v. *O'Brien,* 18 Mont. reading at page 5, 43 Pac. 1091; *State* v. *Black,* 15 Mont. 143, 38 Pac. 674.

In other jurisdictions, under statutes regulating appeals similar to those of Arizona, notably Wisconsin, it has been many times held that on appeal from the judgment rendered in the court below the record presented does not authorize the appellate court to review the order denying the motion for a new trial. *Allport* v. *Kelley,* 2 Mont. 343; *Latimer* v. *Morrain,* 43 Wis. 107; *Weis* v. *Schoerner,* 53 Wis. 72, 9 N. W. 794; *Morris* v. *Niles,* 67 Wis. 341, 30 N. W. 353; *Guetzkow* v. *Smith et al.,* 105 Wis. 94, 80 N. W. 1109; *Gade* v. *Collins et al.,* 8 S. D. 322, 66 N. W. 466. Subsequent to the construction of the statute by the Wisconsin court the laws were revised. In the revision of 1911 in that state, the appeal from the order on motion for a new trial was abolished, matters embraced in the judgment-roll enlarged, and the scope of review on an appeal from the judgment alone greatly extended, and in many ways the appellate procedure in that jurisdiction has been simplified.

Our conclusion is that, on an appeal from the judgment alone, the judgment-roll as constituted by the statute is brought before the court for review, and also, any nonappealable intermediate order involving the merits and necessarily affecting the judgment when such order forms no part of the judgment-roll, but is made a part of the record in the case by filing therein either a statement of facts or a transcript of the court reporter's notes as provided by chapter 74 of the laws of Arizona, 1907.

Paragraph 1443, Revised Statutes of Arizona of 1901, provides what constitutes the judgment-roll: ``(1) In case the complaint be not answered by any defendant, the summons, with the return of service, and the complaint, with a memorandum indorsed on the complaint that the default of the defendant in not answering was entered, and a copy of the judgment. (2) In all other cases the summons, pleading and

a copy of the judgment, and any orders relating to a change of the parties.''

As we have observed, what shall constitute the record on appeal and what method shall be pursued to present matters for review is wholly within the field of the law-making power to provide. A right denied by the statute this court cannot grant. If the policy of the law may seem to dignify mere formality as a matter of substance, bear in mind that we are not the framers of the law; but it remains the plain duty of this court to administer with fidelity the law as it is written.

In the revision of the code now in progress, it would be well for the legislature to consider a phrasing of the appellate procedure to the end that suitors may not be embarrassed in presenting their causes to this court upon considerations which may appear somewhat trifling. But whatever of technicality there may appear to be under such circumstances is in the law, and not in its administration.

We have considered the assignment on the ruling of the court denying the defendant's motion to dismiss the case and find no reversible error. An application for security for costs, being dilatory, is looked upon with disfavor by the courts.

It is a personal privilege which may be waived, and, unless the defendant insists upon the security promptly and adheres to it persistently, he will be held to have lost it. *Muldoon* v. *Place,* 2 Ariz. 4, 6 Pac. 479; 6 Ency. of Pl. & Pr. 666; *Sciutti* v. *Union Pac. Coal Co.,* 30 Utah, 462, 8 Ann. Cas. 942, 85 Pac. 1011; *St. Louis, Alton & T. R. Co.* v. *South,* 43 Ill. 176, 92 Am. Dec. 103.

Under the view we take of it, the sufficiency of the showing for and against the giving of the security is not necessary to determine. On the proper showing the defendant may require the security at any time before trial. Ariz. Rev. Stats. 1901, par. 1551. The motion for the security was not made until one trial of the cause was had. This, we think, was too late. We have not in mind the meaning of the word ''trial'' as used in the statute with reference to the giving of security for costs, as it is not necessary to interpret its meaning on this appeal; that is to say, whether the motion to be in time must be made before the trial of an issue of law or before the trial of an issue of fact. But the general definition is: ''A trial

is the judicial examination of the issues between the parties, whether they be issues of law or of fact." 38 Cyc. 1267.

In view of such an application being considered a personal privilege, and being looked upon with disfavor as dilatory, it behooves the defendant who requires the security to bring his application clearly within the terms of the statute. The appellant has not done so in this case.

The appeal being from the judgment alone, and no error assigned being apparent in the judgment-roll or in the intermediate order presented for review, the judgment of the lower court is affirmed.

CUNNINGHAM and ROSS, JJ., concur.

---

NOTE.—As to what judgments and orders may be appealed from, see note in 20 Am. St. Rep. 173.

As to the scope and effect of writs of error, see note in 91 Am. Dec. 193.