[Civil No. 1279.   Filed April 28, 1913.]

[132 Pac. 94.]

## CLEVE W. VAN DYKE, Appellant, v. CORDOVA COPPER COMPANY, a Corporation, Appellee.

1. Appeal and Error—Review—Appeal from Judgment.—On appeal from the judgment alone, an order subsequent to the judgment, as one striking motion for new trial, which is subject to appeal as denying the motion, is not reviewable.

2. Appeal and Error—Perfecting Appeal—Bond.—Though notice of appeal from an order striking a motion for new trial is given, the appeal is not perfected, where the bond describes the judgment alone and recites merely appeal therefrom.

3. Continuance—Pleading—Waiver of Errors.—Any errors in refusing continuance for absence of a witness to prove a cross-complaint, or in permitting answer to the cross-complaint, are waived by voluntary dismissal of the cross-complaint.

4. Appeal and Error—Review—Rulings on Evidence—Motion for New Trial.—Errors in rulings on admission and rejection of evidence are reviewable only on appeal from an order refusing a new trial.

5. Appeal and Error—Review—Appeal from Judgment.—On appeal from the judgment alone, there can be considered only manifest and fundamental errors appearing on the record composing the judgment-roll, and any intermediate order, where properly presented for review.

APPEAL from a judgment of the Superior Court of the County of Gila.   A. G. McAlister, Judge.   Affirmed.

### STATEMENT OF FACTS BY THE COURT.

The appellee, as plaintiff, commenced this action to recover judgment for a balance alleged to be due from the appellant, as defendant, upon three loans made to defendant, alleged to be due and unpaid, with interest.

The defendant resisted, denying the indebtedness is due, and as a defense he sets forth a contract by which the money claimed is alleged·to have been paid to him, and by which the same shall be repaid, if at all, and alleges that the money, under the conditions of the contract, is not due nor payable.

On April 26, 1912, defendant filed a cross-complaint setting up a counterclaim for money paid to and for the use and benefit of plaintiff at its instance and request, and demands judgment.

A trial was had before the court with a jury, and was commenced on April 30, 1912. After the commencement of the trial on the said April 30th, defendant moved for a postponement of the trial, for the reasons alleged that he was not prepared to make proof of the facts alleged in his counterclaim on account of the necessary absence of a material witness, who alone could testify to the facts therein set forth. The motion to postpone the trial was denied, and on May 2, 1912, and while the trial was in progress, the defendant moved to dismiss the cross-complaint without prejudice, which motion was granted.

On May 4, 1912, the jury rendered its verdict for the plaintiff, and on the same day a judgment was ordered upon the verdict. On May 16, 1912, defendant moved for a new trial, which motion was by the court ordered stricken from the files, upon motion of the plaintiff. The defendant gave notice of appeal in open court from the judgment "and order granting motion to strike the motion for a new trial," which notice was entered on the record. The bond on appeal recites that defendant "has appealed to the supreme court of the state of Arizona from said judgment. . . ." The bond describes the judgment alone.

Mr. F. C. Jacobs and Messrs. Sloan, Seabury and Westervelt, for Appellant.

Mr. John H. Campbell and Mr. L. L. Hayden, for Appellee.

CUNNINGHAM, J.—The appeal in this cause is from the judgment alone, and we have no jurisdiction to review upon this appeal orders made subsequent to the judgment. *Miami Copper Co.* v. *Strohl, ante,* p. 410, 130 Pac. 605, recently decided by this court; *Arizona E. R. R. Co.* v. *Globe Hardware Co., ante,* p. 397, 129 Pac. 1104, decided by this court February 17, 1913.

Appellant assigns as error the order of the court striking out the motion for a new trial, and the appellee has moved

to dismiss the supposed appeal from such order. The motion for a new trial was made in time. Pars. 1478 and 1496, Rev. Stats. Ariz. 1901, as amended by chapter 21, Laws of the First Session of the First State Legislature, approved and in effect May 8, 1912. The motion was therefore properly before the court for trial. The order to strike the motion was equivalent to and in effect was a dismissal of the proceeding for a new trial. The order should not have been made. *Warden* v. *Mendocino County,* 32 Cal. 655; *Calderwood* v. *Peyser,* 42 Cal. 111; *Voll* v. *Hollis,* 60 Cal. 569.

We are precluded from a consideration of the effects of this erroneous ruling of the court upon this motion in this appeal, for the reason an order of the court dismissing.a motion for a new trial is equivalent to a denial of the motion for a new trial, and such order is subject to appeal, or such order is reviewable upon an appeal from an order refusing a new trial. *Voll* v. *Hollis, supra; Lang* v. *Superior Court,* 71 Cal. 492, 12 Pac. 306, 416; *Winchester* v. *Black,* 134 Cal. 125, 127, 66 Pac. 197; *Credits Com. Co.* v. *Superior Court,* 140 Cal. 83, 73 Pac. 1009; *Galbraith* v. *Lowe,* 142 Cal. 295, 299, 75 Pac. 831; *Wyman* v. *Jensen,* 26 Mont. 228, 240, 67 Pac. 114; *United States* v. *Trabing,* 3 Wyo. 144, 146, 6 Pac. 721; 1 Haynes on New Trial, sec. 165, p. 864; *Ashton* v. *Thompson,* 28 Minn. 333, 9 N. W. 876.

No appeal has been perfected from such order. The appellant gave notice of appeal, but failed to describe the order in the bond, and failed to recite in the bond that any appeal was prosecuted from such order. No suit could be maintained upon this appeal bond for a failure to prosecute the appeal from the order refusing the motion for a new trial in such case. *Land Co.* v. *Ansley,* 6 Tex. Civ. App. 185, 24 S. W. 933.

No appeal from the order having been perfected, there appears to be nothing before the court upon which appellee's motion to dismiss can operate.

The first and third assignments of error relate to the ruling of the court refusing a continuance on account of the absence of a material witness, who alone could establish the allegations of the cross-complaint, and to the ruling of the court in permitting plaintiff to answer the cross-complaint. The record discloses that during the trial of the cause the appellant voluntarily dismissed his cross-complaint without prejudice.

Appellant has waived all errors that may have been committed. in reference to the cross-complaint.

Appellant assigns numerous errors based upon the ruling of the court in admitting and rejecting evidence, and upon errors alleged to have been committed in instructions to the jury. Such rulings and action of the court are reviewable upon the trial of a motion for a new trial, and they are reviewable in this court only upon appeal from an order refusing a new trial. *Miami Copper Co.* v. *Strohl, supra; Arizona E. R. R. Co.* v. *Globe Hardware Co., supra.*

This appeal having been prosecuted from the judgment alone, we are limited to a consideration of those manifest and fundamental errors that appear upon the record composing the judgment-roll, and any intermediate order, where properly presented for review. *Miami Copper Co.* v. *Strohl, supra; Arizona E. R. R. Co.* v. *Globe Hardware Co., supra; Kinney* v. *Neis, ante,* p. 318, 127 Pac. 719.

We have carefully considered the judgment-roll and have discovered no reversible error therein, and counsel has pointed out no such error to the court; therefore the judgment appealed from must be affirmed.

FRANKLIN, C. J., and ROSS, J., concur.

Application for rehearing denied.

___

NOTE.—As to what judgments and orders may be appealed from, see note in 20 Am. St. Rep. 173.