[Civil No. 1288. Filed June 28, 1913.]

[133 Pac. 98.]

## THE GILA VALLEY COPPER COMPANY, Appellant, v. W. C. GILPIN, C. S. CASE and J. R. GOLDING, Appellees.

1. APPEAL AND ERROR — REVIEW — EXTENT OF REVIEW DEPENDENT ON NATURE OF DECISION APPEALED FROM.—Assignments of error requiring a consideration of the evidence cannot be considered on an appeal from the judgment alone, as a failure to perfect an appeal from an order refusing a new trial precludes consideration of questions properly reviewable upon the trial of such a motion.

2. PLEADING—DEMURRER—FORM.—Notwithstanding Civil Code of 1901, paragraph 1354, providing that the plaintiff may demur to the answer or to any defense or counterclaim therein contained upon the ground that it does not state facts sufficient to constitute a defense or counterclaim, a demurrer to an answer in an action to quiet title, which was in the form of a cross-complaint and demanded affirmative relief, on the ground that it did not state facts sufficient to constitute a cause of action, was sufficient.

APPEAL from a judgment of the Superior Court of the County of Graham. A. G. McAlister, Judge. Affirmed.

### STATEMENT OF FACTS BY THE COURT.

This was an action commenced by appellant as plaintiff to quiet its title to nine mining claims located in the Lone Star mining district in Gila county. The appellees as defendants alleged that plaintiff had forfeited its title to the ground by failure to perform the necessary assessment work for the year 1911, and set up a claim to the larger portion of the ground covered by the nine claims, and alleged a mining title thereto acquired by a relocation of five claims thereon. The cause was tried before the court and a jury, and a verdict and judgment in favor of the defendants resulted.

From such judgment the plaintiff appeals.

Messrs. Stratton & Lynch, for Appellant.

Mr. W. R. Chambers and Mr. John H. Campbell, for Appellees.

CUNNINGHAM, J.—The appellees move to strike appellant's briefs and dismiss the appeal, relying upon subdivision 5 of rule 4 of the rules of this court (126 Pac. x), effective November 16, 1912. The motion was filed November 27, 1912. Evidently counsel overlooked an amendment to the rule, made to conform to the requirements of section 21 of chapter 74, Laws of 1907. The appellant is within the rule, and the motion must be denied.

There is but one assignment of error that we may consider. It is, the court erred in overruling appellant's demurrer to the cross-complaint.

The other assignments are too general and indefinite to be considered, but, if such assignments were not obnoxious to this objection, they could not be considered, for the reason they call for a consideration of the evidence and the appeal is from the judgment alone. *Miami Copper Co.* v. *Strohl, ante,* p. 410, 130 Pac. 605. A failure to perfect an appeal from the order refusing a new trial deprives this court of jurisdiction to consider any question properly reviewable upon the trial of such motion.

The assignment challenges the order of the court overruling plaintiff's demurrer to the appellees' cross-complaint. The demurrer alleges that the cross-complaint does not state facts sufficient to constitute a cause of action. An examination of the pleading attacked discloses a demand for affirmative relief; it is in form a cross-complaint, but in substance it is the adverse claim of defendants referred to in the complaint, setting forth the nature of the defendants' title to the property. The demurrer is not in the language of the statute (par. 1354, Rev. Stats; Ariz. 1901) ; but, where affirmative relief is demanded, the language used is generally considered to be sufficient for all purposes. 31 Cyc. 320, authorities cited in note 1. We have carefully examined all the pleadings in the cause to which the demurrer is applicable, and find them sufficient as against such attack.

We have found no reversible error upon the face of the record, and the appellant has failed to point out such error; therefore, the judgment is affirmed.

FRANKLIN, C. J., and ROSS, J., concur.

Application for rehearing denied.

NOTES.—As to the scope and effect of writs of error, see note in 91 Am. Dec. 193.

As to what judgments and orders may be appealed from, see note in 20 Am. St. Rep. 173.