389 P.2d 260

Ralph Harlan HAYS and Irene Hays,
his wife, Appellants,

v.

Alice RICHARDSON, a widow, Appellee.

No. 7149.

Supreme Court of Arizona,

En Banc.

Feb. 13, 1964.

· Tognoni, Parsons & Gooding, Phoenix,
for appellants.

Otto H. Linsenmeyer, and Shelley & Hol-
royd, Phoenix, for appellee.

JENNINGS, Justice.

Appellants' motion for rehearing presents this question: Where the lower court allegedly erred in admitting evidence, is an appellant precluded from raising the error in this Court if not raised on a motion for new trial in the court below? We held, in the original decision Hays v. Richardson, 95 Ariz. 64, 386 P.2d 791, that appellants were so precluded. Contrary to that decision, we do not think so now.

The facts briefly stated are that appellant Ralph Hays and appellee Alice Richardson were involved in an automobile accident. As a result of the accident the investigating officer filed charges against Hays in the Municipal Court of the City of Phoenix for driving while under the influence of intoxicating liquor and reckless driving. In the subsequent civil suit, Hays was asked on cross examination if he had pleaded guilty to these charges. Over objection he was required to answer. Appellants assigned as error the admission of the plea of guilty in evidence as an admission against interest.

In their motion for a new trial appellants did not specify the general ground that the court erred in admitting evidence. As authority for our original decision denying review we cited Newhall v. Porter, 7 Ariz. 160, 62 P. 689 (1900) and Putnam v. Putnam, 3 Ariz. 182, 24 P. 320 (1890).

The Newhall case held that error in the admission or rejection of evidence will not be considered on appeal unless it is first brought to the attention of the trial court as a ground of a motion for new trial. For the reasons hereinafter stated this holding is expressly overruled.

In Putnam, unlike Newhall, no motion for a new trial was made and appellant assigned as error that the evidence was insufficient to justify the decision of the lower court. Such error, if it was error, was good ground for a new trial and in that case we held that we cannot consider any error which would be good cause for a new trial unless a motion for a new trial upon that ground had been made to the court below, and the motion had been overruled, the ruling excepted to, and the ruling assigned as error by a proper assignment. Insofar as the Putnam case impliedly stands for the same proposition overruled in the Newhall case, it is likewise overruled.

Appellants point out that under A.R.S. § 12–2102(A) this Court is obliged to review any alleged error in rulings on the admission or rejection of evidence, regardless of whether the error complained of was brought to the attention of the lower court in the motion for a new trial.

A.R.S. § 12–2102(A, B) provide:

"A. Upon an appeal from a final judgment, the supreme court shall review any intermediate orders involving the

merits of the action and necessarily affecting the judgment, *and all orders and rulings assigned as error, whether a motion for new trial was made or not.* "B. If a motion for new trial was denied, the court may, on appeal from the final judgment, review the order denying the motion although no appeal is taken from the order." (Emphasis ours.)

The statute was enacted in 1913 apparently at our suggestion in Miami Copper Co. v. Strohl, 14 Ariz. 410, at page 421, 130 P. 605, at page 610 (1913) wherein we said:

"In the revision of the Code now in progress, it would be well for the Legislature to consider a phrasing of the appellate procedure to the end that suitors may not be embarrassed in presenting their causes to this court upon considerations which may appear somewhat trifling. * * *"

In that case, appellant prosecuted the appeal from the judgment only, there being

no appeal taken from the order of the court overruling the motion for a new trial. The question raised was whether this Court could, on an appeal from the judgment alone, review the order overruling the motion for a new trial and more specifically the grounds presented in such motion? We held that we could not, citing Section 1213, R.S. '01 that:

"Upon the appeal or writ of error the Supreme Court may review any intermediate order involving the merits and necessarily affecting the judgment."

We concluded that since an order overruling a motion for a new trial was not an intermediate order within the statute the same was not reviewable upon an appeal from the judgment only.

In view of the foregoing we can infer that Section B, supra, was enacted for the purpose of eliminating the precise problem presented in the Miami Copper case.[1]

But what about Section A. Formerly the statute was permissive, namely, that the

1. In three other cases decided the same year as the Miami Copper case we passed upon the same issue, namely, whether we would review among others errors based upon rulings of the trial court in admitting and rejecting evidence, when the same had been presented to the lower court in a motion for a new trial but the appeal had been taken from the judgment only and not also from the order overruling the motion for a new trial. In all of these cases we held that appellant, by failing to appeal from the order overruling his motion for new trial, had abandoned the latter motion and any error that was propounded by it and that if appellant had wanted review of the rulings of the lower court admitting and rejecting evidence it should have not only made its motion for a new trial, but also appealed from the order overruling the motion instead of merely appealing from the judgment only. Van Dyke v. Cordova Copper Co., 14 Ariz. 499, 132 P. 94 (1913); Arizona Eastern R. Co. v. Globe Hardware Co., 14 Ariz. 397, 129 P. 1104 (1913); Thomas v. Bartleson, 14 Ariz. 513, 131 P. 973 (1913). In Steinfeld v. Nielson, 15 Ariz. 424, 139 P. 879 (1914), and specifically

"court *may* review any intermediate order involving the merits and necessarily affecting the judgment" while in the revision it is mandatory. But the legislature engrafted an addition, namely, "and all orders and rulings assigned as error, whether a motion for new trial was made or not."

Our decision hinges on the interpretation to be placed upon the term "rulings." A clue to the interpretation thereof can be found in the same Miami Copper case. We cited therein 14 Ariz. at pp. 419–420, 130 P. at pp. 609–610, a Montana case, State v. O'Brien, 18 Mont. 1, 43 P. 1091 (1896). In that case the court construed the following statute:

"Upon an appeal taken by the defendant from a judgment, the court may review any intermediate order or ruling involving the merits, or which may have affected the judgment."

In construing this statute they said:

"Under the old Code, the appellate court was limited in its review to any decision of the court or any intermediate order made in the progress of the case; under the new Code, upon appeal from a judgment, the court may review not only an intermediate order, but likewise a *ruling involving the merits,* or which may have affected the judgment. In the use of the word 'ruling' the legislature evidently intended to permit a review of the actions of the district court upon *matters of law in the exclusion or admission of testimony* involving the merits of the case on an appeal from the judgment only. Such rulings had not been included in the interpretation of the words 'decision or intermediate order' in the older statute; that is, a distinction has been recognized between a decision and a ruling. The older statute is therefore to be distinguished from the new. In the one, a decision or order was regarded as a determination by the court in the settlement of the controversy or matter before it; while in the *new Code a ruling means generally a settlement or decision of a point of law arising upon the trial of the case, without necessarily the force or solemnity of a judgment or order.* Black, Law Dict.; Cent.Dict. We do not hold that under section 2321, above-cited, matters may be reviewed on appeal from a judgment only when

the motion for rehearing, 15 Ariz. at 458, 463, 139 P. 893, 895, 896, a case decided after the statutory revision, we said:
"But a change has come over the appellate procedure. Probably at the suggestion of this court in the case of Miami Copper Co. v. Strohl, supra,

the legislative authority has yielded to the advice of this tribunal and has attempted a phrasing of the appellate procedure that will do away with the apparent technicalities that beset us in that case and limited the right of review on the record as there presented."

they are embraced within any of the provisions of the law made for granting new trials (section 2192), *except errors in the decision of questions of law arising during the course of the trial. The latter errors can, however, be reviewed either upon appeal from the judgment, or from an order overruling a motion for a new trial.*" (Emphasis ours.)

We have previously considered the meaning to be given this language. In Valley Gin Co. v. McCarthy, 56 Ariz. 181, 106 P.2d 504 (1940), it was urged that we could not consider the question of whether the demurrer to the counterclaim was properly sustained, for the reason that no final judgment was ever rendered on it, and that an appeal could not be taken from an order sustaining or overruling a demurrer. Defendant admitted the latter proposition but claimed that an appeal from the judgment rendered automatically brought up the ruling of the court upon the demurrer to the counterclaim, citing A.R.S. § 12–2102. We said, "We think the language 'all orders and rulings assigned as error' applies only to those made in respect to an issue which had been litigated and finally determined by a judgment, so that it was res adjudicata." We held that the statute did not authorize a review of the action of the court in overruling the demurrer, for such action was not a final judgment in the sense it was res adjudicata. We do not think Valley Gin controls the instant case.

Appellee cites three cases in support of her position but we find them to be distinguishable on the facts and hence inapplicable. None of them can be said to have involved a "ruling" made by the lower court during the progress of the trial.

In view of the language contained in Miami Copper Co. v. Strohl, supra, we hold that the word "rulings" embraces actions of the trial court upon matters of law in the exclusion or admission of evidence and that when these rulings are assigned as error, we must review the same regardless of whether they were presented to the lower court in a motion for a new trial.

Although we must grant the motion for rehearing we will, nevertheless, affirm the decision of the lower court. The alleged error which we are obliged to review is that the lower court erred in admitting the plea of guilty in evidence. We will follow the rule that a plea of guilty in a Municipal Court to charges of drunk and reckless driving is admissible as an admission against interest in a subsequent civil suit arising out of the same facts. Koch v. Elkins, 71 Idaho 50, 225 P.2d 457 (1950).

Motion for rehearing granted and judgment affirmed.

UDALL, C. J., LOCKWOOD, V. C. J., and STRUCKMEYER and BERNSTEIN, JJ., concurring.