PRINCE *et al. v.* TOWNS.

*(Circuit Court, D. South Carolina.* December 6, 1887.)

1. COSTS—SECURITY FOR—TIME FOR APPLICATION.
    A bill for an accounting was filed against an administrator. The issues were made up, the case referred to the master, and his report made, the cause having been on the docket for three terms, when the defendant made a demand on plaintiff for security for costs. *Held* that, at this stage of the proceedings, security for costs can be had only upon the order of court.

2. INFANCY—SUIT BY NEXT FRIEND—RECORD.
    Complainants in a bill for an account against an administrator were a widow and three children. The widow, being of unsound mind, sued by her next friend. Defendant objected to the parties plaintiffs, for the reason that the other plaintiffs had sued in their own names and not by their next friend. *Held* that, as there was nothing in the record showing their disability to sue, the objection was untenable.

3. COURTS—FEDERAL CIRCUIT COURTS—JURISDICTIONAL AMOUNT.
    Where the representatives of a deceased intestate bring suit against an administrator under one title and for a common undivided interest, the United States circuit court will, in the absence of any other valid objection, have jurisdiction, although the amount, which on division would come to each representative, may be less than the jurisdictional minimum.

4. EXECUTORS AND ADMINISTRATORS—ACCOUNTING—LIMITATION OF ACTIONS.
    In an action against an administrator for an account, no final report having been made, and no acts done showing that in his opinion his trust had terminated, *held,* that the statute of limitations had not begun to run in his favor.

5. SAME.
    Action was brought in 1887 against an administrator, whose intestate had died in 1860, to compel an accounting for money received in 1872. *Held,* that defendant could not avail himself of the presumption arising from the lapse of 30 years.

6. SAME—ACCOUNTING—EQUITY JURISDICTION OF FEDERAL COURT.
    Whenever it is intended to proceed against the sureties on an administrator's bond, the United States circuit court has original jurisdiction in equity to compel an accounting by the administrator without a preliminary accounting before the probate court.

7. SAME—ACCOUNTING—ESTOPPEL.
    Where the administrator of an estate sues, obtains judgment, and issues execution, deposits the money received from the sale on execution, and draws dividends, as such administrator, he is estopped from denying that he received and is responsible for the money as administrator, though his receipt to the sheriff therefor was signed by him in his individual capacity.

8. SAME—COMMISSIONS—MONEY IN DEFAULT.
    In an action against an administrator for an accounting, *held,* that defendant was not entitled to commissions on money for which no account has ever been rendered, and for which he is in default.

In Equity. On bill for accounting.

Bill for an accounting, filed by Eliza Ann Prince, by her next friend and others, against George F. Towns, administrator of Albertus M. Prince, deceased.

*Isaac M. Bryan,* for complainants.
*William M. Thomas,* for defendant.

SIMONTON, J. The defendant took out letters of administration on the estate of A. M. Prince, who died intestate in 1860. He collected assets and paid debts, filing his account with the ordinary in 1862, showing a

balance of $115.49 due to him as administrator, of which $104.34 was his commissions. He filed no other account. On thirty-first May, 1872, he received from the sheriff of Greenville county the proceeds of an execution issued upon a judgment obtained by him as administrator against one Sullivan, $622.24. From this must be deducted fees paid his attorney for collecting,—10 per cent.,—leaving a net balance of $560.02. For this he is called to account. Some $369.52 of this money was deposited by defendant in the Citizens' Savings Bank. The bank failed, and paid of it $206.83. No question has been made in this case as to the loss on this investment.

The parties complainant are the widow and three children of the intestate, his sole heirs and distributees. The case was called for trial. The attorney for complainant has been in attendance on the court for several days, and he pressed the case. The attorney for defendant communicated by letter his inability to be present, his general health being such that he never left the city of Charleston. It is the established practice of this court, never departed from but in rare and exceptional cases, not to force a continuance *in invitum*, for any other reasons than those laid down in the forty-ninth rule of court. Anticipating this, the defendant's attorney submitted an argument in writing. For these reasons the case is examined minutely.

The first objection of the defendant is that a demand has been made on the complainants for security for costs, and that this has not been complied with. It appears that this demand has been made very recently,—within a few days. This cause has been on this docket for three terms. The answer was filed and the case referred. The master has held references, and has made his report. When proceedings have been commenced the defendant has the right to make personal demand on the plaintiff's attorney for security for costs, and may refuse to go on until this has been put in. After a cause is at issue, on the docket, heard in part, security for costs cannot be had but by an order of court on notice. This has not been done here. It is too late, in any event, at this stage of the case, to interpose the demand in order to prevent a trial. The next objection is that the complainants should have sued by *prochein ami*. One of them has done this. Nothing in the record or in the evidence has disclosed the fact that any other of the complainants is under disability to sue. The next objection is that the court has no jurisdiction of the case, either because the total amount claimed is below $500, or because the distributive interest coming to each party complainant is less than $500.

The special master has made up a statement, allowing the defendant every discount claimed by him. It shows that on twenty-eighth January, 1887, about seven months after bill filed, there was due $523.47.

While it is true that parties who have several and distinct interests cannot unite them for the purpose of creating jurisdiction, yet, when the representatives of a deceased intestate bring suit against an administrator, under the same title, and for a common and undivided interest, the court will have jurisdiction, although the amount which on division would

come to each representative may be less than the jurisdictional minimum. *Shields* v. *Thomas,* 17 How. 3.

The plea of the statute of limitations has been set up. And defendant also relies on the presumption arising from the lapse of 20 years. The statute cannot run in favor of one holding a fiduciary position until and unless he does some act showing that in his opinion the trust has terminated. *Boone* v. *Chiles,* 10 Pet. 177; *Seymour* v. *Freer,* 8 Wall. 202; *Taylor* v. *Benham,* 5 How. 233; *Coleman* v. *Davis,* 2 Strob. Eq. 334. In this case the defendant has made no return of this money received in 1872, and no final return. No demand and refusal has been made. The lapse of 20 years cannot be relied on, as the transaction for which he is called to account took place in 1872.

It is said that this court cannot take jurisdiction until an accounting has been had before the court of probate. Whatever may be the rule, where it is intended to bring suit on an administration bond, and thus proceed against sureties, this court has original jurisdiction in equity to call a trustee, an executor, or administrator to an account, and is not subservient to or dependent upon any action of any other court. *Green* v. *Creighton,* 23 How. 90.

It is said that the receipt for the $622 was not signed as administrator, and that it was for the proceeds of sale of land. If this last be correct, then the sureties of the defendant administrator perhaps cannot be held liable for the money. But as far as the defendant himself is concerned, he sued as administrator, obtained judgment, and issued execution as administrator. He receipted for the money as proceeds of the suit to which he was entitled only as administrator. He deposited the money in bank in his name as administrator, and drew dividends as such. It does not lie in his mouth now to say that he did not receive it, hold it, and is not responsible for it as administrator. He must account for it.

In the account taken by the special master and filed with his report the defendant claims the right to deduct the balance due to him on the account filed in 1862. The attorney for the complainant resists this. When an administrator files and vouches his account with the judge of probate he is entitled on this account to charge his commissions on receipts and disbursements, and, where the court allows them, they are his property. The account in question was in proper time, and is correct. But the defendant also charges commissions on the $622. This he cannot do, as he has never accounted for it, has filed no account of it, and is in default. See *Wallace* v. *Ellerbe,* Rich. Eq. Cas. 49.

The statement of the account made by the special master is confirmed, with the exception of the items charged by defendant as commissions on $622. Let the account be reformed in this respect, and a decree can be entered for complainants accordingly.