## SCIUTTI v. UNION PAC. COAL CO.

No. 1737.   Decided July 13, 1906 (85 Pac. 1011).

1. COSTS — RIGHT TO DEMAND SECURITY — WAIVER.—Under Revised Statutes 1898, section 3354, providing that when plaintiff resides out of the state, or is a foreign corporation, security for costs may be required by defendant, the right to require security for costs may be waived by defendant.[1]

2. SAME.—Under Revised Statutes 1898, section 3354, providing that when plaintiff is a nonresident, defendant may require security for costs, the act of defendant in pleading to the merits and making no mention of security for costs until the case was called for trial was a waiver of its right to demand security.

APPEAL from District Court, Salt Lake County; M. L. Richie, Judge.

Action by Antonio Sciutti against the Union Pacific Coal Company. From a judgment for plaintiff, defendant appeals.

AFFIRMED.

*P. L. Williams, Geo. H. Smith,* and *John G. Willis* for appellant.

*King, Burton & King* and *Johnson & Fowler* for respondent.

### STATEMENT OF FACTS.

This action was brought to recover damages for personal injuries which the plaintiff alleged he sustained through the negligence of the defendant.   It appears from the pleadings and proof that on March 28, 1904, the day on which the accident resulting in the injuries complained of occurred, the defendant, a corporation existing by virtue of the laws of the

---

[1] State v. Martensen, 26 Utah 312.

state of Wyoming, was operating as owner a certain coal mine
in that state, and that the plaintiff, who was a resident of
Wyoming, was then in the employ of defendant in the capac-
ity of a miner of coal. At the time of the accident, he was
entering his place of work with a naked lamp, which came
in contact with inflammable and explosive gas and ignited it,
whereupon an explosion ensued which caused the injuries of
which complaint has been made. The plaintiff had received
no notice of the presence of gas, although it was the duty of
the defendant to cause the various places of work to be exam-
ined by means of safety lamps, and, if gas was found to exist
in any one of them, to warn the employes, who were to work
there not to enter until the gas was displaced with pure air.
The negligence complained of was predicated principally up-
on a failure of duty to the complainant, by the defendant, re-
specting the gas and notice of its presence. At the commence-
ment of the trial, the defendant gave notice to the plaintiff
that it required security for costs, but the court proceeded
without enforcing the demand, and the jury returned a ver-
dict in favor of the plaintiff. The question raised by such
notice presents the decisive one on this appeal.

BARTCH, C. J.

The appellant does not claim that the court committed er-
ror in the admission of evidence, or in its charge to the jury,
but insists that it erred in proceeding to a trial of the cause
without requiring the plaintiff, who had been shown
to be a nonresident, to give security for costs, after
demand made therefor by the defendant. It is urged
that the action of the court in the premises amounted to a
denial of a right of the defendant secured to it by legislative
mandate. We are of the opinion that, under the circumstan-
ces of this case, this contention is not sound. The statute in
section 3354, Revised Statutes 1898, provides:

"When the plaintiff in an action resides out of the state, or is a for-
eign corporation, security for the costs and charges which may be
awarded against such plaintiff, may be required by the defendant. When
required, all proceedings in the action must be stayed until an under-

taking executed by two or more persons is filed with the clerk, to the effect that they will pay such costs and charges as may be awarded against the plaintiff by judgment, or in the progress of the action, not exceeding the sum of three hundred dollars. A new or an additional undertaking may be ordered by the court, or judge, upon proof that the original undertaking is insufficient security, and proceedings in the action stayed until such new or additional undertaking is executed and filed."

Doubtless this section confers a right upon a defendant, to demand that the plaintiff, where he is a nonresident, to give security for costs, but such right is one personal to the defendant and one in which the public, or the state, has no interest. It, therefore, is not of a jurisdictional character and may be waived, and, in case of waiver, the court may proceed with the trial without making any order respecting such right. (*State v. Mortensen*, 26 Utah 312, 73 Pac. 562, 633.)

This statutory right, being thus a personal right, a mere personal privilege, may be waived by failure to make demand for security at all, or by failure to make such demand at a seasonable and within a reasonable time after it appears in the case, to the knowledge of the defendant, that the plaintiff is a nonresident. Where, then, the defendant, after the nonresidence has been shown, makes no effort or no reasonable effort, to demand security until such time that the granting of his motion would cause a continuance of the trial, or delay the proceedings, or interfere with the business of the court, his laches may prevent him from asserting his right, for in either of such events the court may, doubtless, in its sound discretion, and as a matter of justice, refuse to grant an order requiring such security, and regard the right as waived.

"A defendant, in case his adversary is nonresident, has an unquestionable right to security for costs, but inasmuch as it is a right which may be used to delay or obstruct justice, he should be required to insist upon it promptly, and to adhere to it persistently, or otherwise be held to have lost it." (*Shuttleworth v. Dunlop*, 34 N. J. Eq. 488.)

That a defendant waives his right to security for costs, under statutes like, or similar to ours, if, without insisting on his right, he takes any step in a cause, after he has proper notice of the nonresidence of the plaintiff, we think is a well-settled rule of law. In 19 Ency. Pl. & Pr. 362, it is said:

"A motion for security for costs should be made at the first opportunity the party has after knowledge of the facts that entitled him to an order requiring security to be given, for, if not made promptly, the motion is liable to be denied by reason of the laches shown by one who is otherwise entitled to security."

And on page 363, Id., it is said:

"If a party takes any steps in a cause, after notice of the facts that entitle him to security, he waives his right to security for costs."

In *Goodrich v. Pendleton,* 3 John. Ch. 520, it was said:

"The rule is that, if the non-residence of the plaintiff appears on the bill the defendant waives his title to security for costs if he takes any step in the cause, or even prays time to answer."

So, in *Brazell v. Cohn,* 32 Mont. 556, 81 Pac. 339, it was observed:

"The record discloses that the court denied the stay upon the ground that the application for security was made too late. It was not necessary that the record show the reasons for the court's decision. As the application for security for costs was not made until the day set for the trial, and no previous notice of such demand appears to have been given, the court was justified in denying the motion, and justified for the reasons which it gave— that it came too late; that is, that it was made immediately before the trial of the cause began, and without previous notice having been given." (11 Cyc. 176 et seq.; 12 Abb. New Cas., 108; *Swift v. Stine* (Wash. T.), 19 Pac. 63; *Stevenson v. N. Y., L. E. & W. R. Co.* [sup.], 1 N. Y. Supp. 670; *Fagan v. Strong* [Sup.], 11 N. Y. Supp. 766; *Smith v. Kahn* [City Ct.], 42 N. Y. Supp. 478; *Voss v. Sensenig,* 14 Pa. Co. Ct. 631; *Muldon v. Place* [Ariz.], 6 Pac. 479; *Dunning v. Dunning,* 37 Ill. 306; *Prince v. Towns* [C. C.], 33 Fed. 161.)

In this case the defendant filed an answer on the merits without making any demand for security, although it was specifically alleged in the complaint that the plaintiff was a nonresident—a resident of the state of Wyoming. Nor did the defendant serve and file any notice that it required security until the day when the case was called and when both parties were present in court and ready to proceed with the trial. Then, upon the attention of the court being called to the fact that demand was made for security for costs, one

of the attorneys for the defense, addressing the court, among other things, said: "I do not want to work any hardship or interfere with the proceedings of the court," and made no motion to suspend proceedings. Nor did the defense object or refuse to proceed with the trial, or further insist upon the right; nor did it object to the impaneling of the jury, or except to the action of the court in proceeding with the trial. Under these circumstances the defendant must be held to have waived its statutory right. This case falls clearly within the principles hereinbefore referred to and stated, and the court did not err in its action in the premises. Nor, under the facts and circumstances revealed by the record, did the court err in overruling the motion for a new trial.

The judgment is affirmed, with costs.

McCARTY and STRAUP, JJ., concur.