CASTLE v. DELTA LAND & WATER CO. et al.

No. 3623.   Decided March 24, 1921.   Rehearing Denied April 30, 1921.   (197 Pac. 584.)

1. APPEAL AND ERROR—NEW RECORD CANNOT BE MADE IN THE APPEL-LATE COURT. The appellate court is bound by the record made below, and a new record cannot be made therein.

2. COSTS—FAILURE TO DEMAND COST BOND A WAIVER. A defendant who fails to demand security for costs by nonresident plaintiff waives such right.

3. STATUTES—REMEDIAL ACT LIBERALLY CONSTRUED. A remedial statute must be liberally construed.[1]

4. COSTS—DISMISSAL FOR FAILURE TO FILE COST BOND NULLITY AS TO DEFENDANT NOT DEMANDING. Where one defendant de-manded that a nonresident plaintiff file a cost bond, a judg-ment of dismissal is, as to a defendant not demanding security for costs, a nullity.[2]

5. APPEAL AND ERROR—PARTY NOT AFFECTED BY REVERSAL NEED NOT BE SERVED WITH NOTICE. Where, notwithstanding one of the defendants did not join in the motion for security for cost bond, the action which was by a nonresident plaintiff was dis-missed as to all, the judgment as to such defendant being a nullity, he is not a necessary party to an appeal, and the appeal will not be dismissed because he was not served with notice.[3]

6. COSTS—NONRESIDENT PLAINTIFF SHOULD BE ALLOWED TIME TO FILE COST BOND. Where one of several defendants more than a year after the filing of answer demanded that plaintiff, a nonresident, should furnish security for costs, held, that plaintiff

---

[1] West Mountain Lime & Stone Co. v. Danly, 38 Utah, 218, 111 Pac. 647.

[2] Badertscher v. Independent Ice Co., 55 Utah, 100, 184 Pac. 181.

[3] Langton L. & C. Co. v. Peery, 48 Utah, 112, 159 Pac. 49.

should have been allowed time to furnish security as requested in event the lower court did not deem the right' waived by delay, and hence, dismissal of the action was error.[4]

GIDEON, J., dissenting.

Appeal from District Court, Fifth District, Millard County; *D. H. Morris*, Judge.

Action by C. H. Castle against the Delta Land & Water Company and others. From a judgment of dismissal, plaintiff appeals.

REVERSED AND REMANDED, with directions.

*Dey, Hoppaugh & Mark* and *Walton & Walton*, all of Salt Lake City, for appellant.

*William Story, Jr.*, of Salt Lake City, for respondent.

WEBER, J.

Delta Land & Water Company and H. B. Prout, respondents herein, have interposed a motion to dismiss the appeal of plaintiff, the appellant, for the reason that the notice of appeal was served neither upon A. M. McPherson, one of the defendants, nor upon his attorney.

In the district court the Delta Land & Water Company demanded security for costs on the ground that the plaintiff was a nonresident of the state of Utah. This motion was made after the case had been removed to the federal court and by that court remanded to the state court in which the action was instituted, and a year after the defendants had filed their answer. The bond not being furnished, a motion was made to dismiss the suit. Plaintiff's counsel was not present in court when the motion was submitted, but submitted the question upon a letter furnished court and counsel. The letter made reference to matters appearing of rec-

[4] *Forbes* v. *Delta Land & Water Co.*, 57 Utah, 200, 193 Pac. 1097.

ord, to the authority of *Sciutti* v. *U.·P. Coal Co.,* 30 Utah,
462, 85 Pac. 1011, 8 Ann. Cas. 942, and contended that de-
fendant had waived the right to demand security for costs.
Plaintiff also requested opportunity to give security in the
event the court was against plaintiff on the question of
waiver. Subsequently the court entered an order sustaining
the motion and dismissed the action. The notice of appeal
is addressed to the three defendants, and was served upon
William Story, Jr., who acknowledged service of the same
as "attorney for the defendants." At that time B. S. Crow,
Esq., was attorney of record for McPherson, Mr. Story hav-
ing previously withdrawn as attorney for McPherson, such
notice having been filed with the clerk and served upon plain-
tiff's counsel. Mr. Story has filed his affidavit to the effect
that his acceptance of service on behalf of all the defendants
was an inadvertence on his part. No doubt the acceptance
of service occurred as Mr. Story states.

The statute provides that an appeal to the Supreme Court
shall be upon the record made in the district court.
A new record cannot be made here. Assuming that
the record has been corrected and that McPherson is
not a party to this appeal, it becomes necessary to inquire
whether McPherson is a necessary party to the appeal with-
out whose presence this court is without jurisdiction in the
premises. McPherson did not join in the motion for security
for costs. He did not demand a cost bond, and by his
inaction he waived it. He made no motion for dismis-
sal. The demand for costs and the motion to dismiss
were made by the Delta Land & Water Company alone. When
the district court dismissed the suit as to all defendants,
including McPherson, the action was wholly gratuitous so
far as McPherson was concerned. It was without foundation
and as to McPherson a nullity. It was not merely an error,
because nothing had been put in motion to invoke the court's
judgment in favor of McPherson. Evidently McPherson
was satisfied not to have a cost bond. Now, what difference
does it make to the Delta Land & Water Company
whether he is furnished a cost bond or not? True, the    3, 4
statute says that, if a bond be not furnished when duly

requested by defendant, where plaintiff is a nonresident of the state, the action may, on motion be dismissed. Being remedial, the statute must be liberally construed. *West Mountain Lime & Stone Co.* v. *Danly et al.*, 38 Utah, 218, 111 Pac. 647. To illustrate: Suppose there are four defendants in a suit, two of them demanding a cost bond, but which the nonresident plaintiff fails and refuses to furnish, and that these two make a proper and timely motion for a dismissal of the case. Need the other two defendants join in the motion? And suppose they say they do not desire security for costs; that they object to a dismissal and plead that they desire the case tried on its merits. Would the suit be dismissed as to all defendants, and over the protests of the two who object to its dismissal? And on appeal would these protesting defendants be necessary parties? We cannot construe the statute as meaning that the dismissal must apply to all defendants, including those who are not demanding security and who, by their nonaction, manifest their intent to waive a bond for costs.

In *Badertscher* v. *Independent Ice Co. et al.*, 55 Utah 100, 184 Pac. 181, a motion for nonsuit by the Independent Ice Co. was granted, and that of its codefendant, the Wasatch Coal Company, was denied, and the trial proceeded against the coal company alone. On appeal from a judgment against it, the coal company failed to serve notice of appeal on the ice company. The plaintiff filed a motion to dismiss the coal company's appeal claiming the ice company to be an adverse party, and hence a necessary party to the appeal. It was held by this court that the contention of plaintiff in that case was without merit.

The Utah cases in which appeals were dismissed because of nonservice of notice of appeal on codefendants are mentioned and distinguished in *Badertscher* v. *Independent Ice Co., supra.* All those cases are distinguishable from the instant case. The test is—

"That the omitted party must be affected by a modification or reversal of the judgment appealed from. If a party would not be affected he is not a necessary party, and hence to omit to serve

'him with notice of appeal  *  *  *  is not fatal to the appeal." *Langton L. & C. Co.* v. *Peery,* 48 Utah, 112, 159 Pac. 49.

Not having joined in the demand for security, McPherson would not be affected by a reversal of the judgment of dismissal, and hence the omission to serve him with notice of appeal is not fatal to this appeal.

The motion to dismiss the appeal is therefore denied.

The facts presented on this appeal are identical with those in *Forbes* v. *Delta Land & Water Co.,* 57 Utah 200, 193 Pac. 1097. On authority of that case it is therefore ordered that the judgment of dismissal be vacated, and the cause remanded to the district court, with directions that plaintiff be ordered and required to furnish security for costs in favor of those defendants who have demanded or may demand the same, and that said bond be furnished within 30 days after notice of such requirement, and in case plaintiff fails to furnish bond as required the district court shall dismiss plaintiff's action as to all defendants who demanded security for costs, and that such dismissal be without prejudice; parties to this action to each pay one-half of costs on appeal.

CORFMAN, C. J., and THURMAN and FRICK, JJ., concur.

GIDEON, J. (dissenting). This court, in *Griffin* v. *Southern Pac. Co.,* 31 Utah, 296, 87 Pac. 1091, gave its approval to the language of the Supreme Court of California in defining the words "adverse party" used in the Code respecting appeals as follows:

"Each party whose interest in the subject-matter of the appeal is adverse to, or will be affected by, the reversal or modification of the judgment or order from which the appeal has been taken, is, we think, an 'adverse party' within the meaning of these provisions in the Code, irrespective of the question whether he appears upon the face of the record in the attitude of a plaintiff or defendant or intervener." *Senter* v. *De Bernal,* 38 Cal. 637.

So long as that opinion and the Utah cases cited are not modified or overruled, I can see no reason for ignoring or refusing to apply the rule announced in those cases. In the

*Griffin Case* one Charles E. Austin was a defendant jointly with the Southern Pacific Company. He was regularly served with summons, but did not answer or further appear in the action. Judgment was rendered jointly against both defendants, and the Southern Pacific Company appealed, but did not serve notice of appeal upon its codefendant, Austin. This court held Austin to be an adverse party and dismissed the appeal. The court, in discussing the case, said:

"A new trial might result in a judgment being entered for a sum far in excess of the amount of the judgment appealed from, in which case it is obvious that Austin's interests would be materially and injuriously affected by a reversal of the case; and this, too, regardless of whether the case is reversed as to both of the defendants, or as to the Southern Pacific Company only."

In the present case one McPherson is a joint defendant with the respondent water company. The order dismissed the case as to all of the defendants. The order of reversal will of necessity reinstate the case against all defendants. I think I am justified in assuming that McPherson is satisfied in having the order of dismissal stand, and also that his interest "would be materially and injuriously affected by a reversal of the case."

In my opinion the appeal should be dismissed. I therefore dissent.