STATE EX REL. CHILCOTT, RELATOR, v. DISTRICT COURT
ET AL., RESPONDENTS.

(No. 5,314.)

(Submitted June 4, 1923.   Decided June 25, 1923.)

[216 Pac. 790.]

*Costs—Nonresident Plaintiff—Security for Costs—Waiver.*

1. The provision of the statute (sec. 9807, Rev. Codes 1921) that on defendant's motion a nonresident plaintiff may be required to give security for costs confers a personal privilege upon the former which may be waived, and was waived by defendant's failure to make the motion until after the cause had been remanded by the supreme court for a new trial.

Original application for writ of *mandamus* by the State, on the relation of W. L. Chilcott, against the District Court of the Thirteenth Judicial District in and for the County of Carbon, and Robert S. Stong, a Judge thereof. Writ dismissed.

*Messrs. Johnston, Coleman & Johnston,* for Relator; *Mr. J. H. Johnston* argued the cause orally.

California and Utah are the only states we have found that have the same provisions of the Code as has Montana, upon the question of security of costs by a nonresident plaintiff. Under the interpretation given this law in both California and Utah, the application of Chilcott requiring Bush to give security in the case of *Bush* v. *Chilcott* was made in time. (See *Clune* v. *Sullivan,* 56 Cal. 249; *Mead County Bank* v. *Bailey,* 137 Cal. 447, 70 Pac. 297; *Gadette* v. *Court,* 53 Cal. App. 72, 199 Pac. 817; *Wall* v. *Hunter,* 51 Cal. App. 759, 207 Pac. 934; *Forbes* v. *Delta L. & W. Co.,* 57 Utah, 200, 193 Pac. 1097.)

The facts involved in the case of *Brazell* v. *Cohn,* 32 Mont. 556, 81 Pac. 339, were in no way similar to the facts involved in this case. In that case the demand for security for costs was not made until the day of trial. In this case the demand

for such security was made in November, 1922, and the case has not yet been set for trial. In that case, the five days' notice of the hearing of motion was not given. In this case the five days' notice of hearing was given. In that case to have stayed the trial on the day set for the trial of the case would doubtless have operated to the prejudice and disadvantage of the plaintiff and would probably have caused him considerable additional expense. Under the circumstances in this case there was no such prejudice or disadvantage to the plaintiff Bush.

*Mr. R. G. Wiggenhorn,* for Respondents, submitted a brief and argued the cause orally.

The weight of authority is to the effect that unless the statute restricts the right to sue without costs to residents, nonresidents of the state may, in a proper case, sue without costs and take advantage of our section 9809, Revised Codes of 1921. (15 C. J. 233.) For authority in support of the interpretation that I believe obvious and for the justice of the proposition generally, I refer the court to the cases gathered and digested in 6 A. L. R., commencing at page 1281, and particularly the following cases: *Hickey* v. *Rhine,* 16 Tex. 576; *Spalding* v. *Bainbridge,* 12 R. I. 244; *Walker* v. *Smith,* 73 Miss. 91, 19 South. 102.

I also urge that the application here comes too late because of the defendant's laches, and cite the court to the following: 15 C. J. 203, 205, 206; *City of Bay City* v. *Bay Circuit Judge,* 126 Mich. 50, 85 N. W. 263; 8 A. L. R. 1510–1534. The court's attention is particularly directed in this connection to 8 A. L. R., at page 1526, where cases are digested on application for security made after appeal.

MR. JUSTICE COOPER delivered the opinion of the court.

This cause was tried in the district court of Carbon County on November 18, 1919, and resulted in a judgment for the plaintiff. The defendant appealed. On October 10, 1922, the judgment was reversed and the cause remanded for a new

trial. (*Bush* v. *Chilcott,* 64 Mont. 346, 215 Pac. 1001.)   On November 28 following, after the *remittitur* had been filed in the court below, defendant for the first time moved that the plaintiff be required to furnish a bond for costs as provided in section 9807 of the Revised Codes of 1921. The record is silent as to why the motion was not made until after the cause had been returned to the district court for another trial. The matter was submitted to the trial court upon affidavits of counsel for the respective parties. After the plaintiff had offered proof tending to show that he was unable to furnish the security demanded, he was permitted by the court to prosecute the action as a poor person; its finding being that the plaintiff was unable to give security for the costs provided for in section 9807.

Was the demand for security made too late? Sections 9807, [1] 9808 and 9809 appear in the Codified Statutes of 1871 as sections 559, 561 and 563 of the Civil Practice Act passed at the seventh territorial legislative session of 1871. They have been carried forward in the Code of Civil Procedure of the present day without any substantial change. A statute like this, requiring a nonresident, upon motion, to give security for costs, confers a personal privilege upon the defendant which may be waived by a failure to make demand at a seasonable and within a reasonable time after it comes to his knowledge that the plaintiff is a nonresident. (*Sciutti* v. *Union Pac. Coal Co.,* 30 Utah, 462, 8 Ann. Cas. 942, 85 Pac. 1011.) The effect of a failure on the part of a defendant to require a nonresident plaintiff who was able to furnish security for costs as provided by section 9807, until the day of the trial, was considered by this court in *Brazell* v. *Cohn,* 32 Mont. 556, 81 Pac. 339. It was there held that because the nonresident plaintiff was not asked to furnish security for costs until the day the cause was set for trial, no previous demand having been made, the district court was justified in denying the stay until the bond for costs was given, on the ground that the application was too late. Mr. Justice Holloway, speaking for the court, said: ''The court was justified in

denying the motion, and justified for the reason which it gave—that it came too late." The supreme court of Utah, construing the language of the Codes of that state identical with sections 9807 and 9808, approves the rule announced by this court and quotes the comments in the opinion deciding the point. (*Sciutti* v. *Union Pac. Coal Co., supra.*) For an exhaustive note applying the rule of waiver at the various stages of the trial, see 8 A. L. R., note beginning on page 1510.

Upon the ground that the defendant waited until the cause had been tried in the district court, appealed to this court and remanded for another trial, before he moved the court to require the plaintiff to furnish the bond provided for in section 9807, the writ is dismissed.

*Dismissed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES HOLLOWAY, GALEN and STARK concur.

