### MACEK v BUSHER

Ohio Appeals, 8th Dist, Cuyahoga Co

No 13111. Decided Feb 14, 1933

Frank I. Hogan, Cleveland, J. W. Mc-Carron, Cleveland, and James A. Gleason, for Relatrix.

Frank T. Cullitan, Cleveland, for Respondent.

P. J. Mulligan, Cleveland, James C. Logue, Cleveland, Neil P. Beall, Cleveland, Turney & Sipe, Cleveland, and William Gordon, Cleveland, Amicus Curiae.

BLOSSER, PJ, MIDDLETON and MAUCK, JJ (4th Dist), sitting.

MIDDLETON, J.

In the presentation of this matter, we have been favored with briefs of exceptional merit. The case presents questions which involve both constitutional and statutory law, and it offers an unlimited field for discussion.

The rule to which reference has been made, requires the payment in advance of the amount named or the giving of sufficient security therefor. Of course rule 6 contains the further provision that if the complainant is financially unable to comply with the foregoing requirement, he may, upon proof thereof to the court, have the clerk directed to file his petition and issue summons thereon. It must be said in advance that many people under the stress of existing conditions, who are unable to comply with the first requirement, would be prevented by their pride from giving the proof required for their exemption and would elect to suffer a wrong rather than expose themselves to such publicity. In respect to the class of litigants who would comply with the money provisions of the resolution, the rule is in fact an assessment of costs and a demand for the payment thereof in advance.

It is well settled that at common law no right may be found whereby costs of litigation may either be assessed or collected.

It has always been regarded by the courts that the authority to fix costs and their method of payment was solely a legislative act.

It is said in Parsons on Costs, page 1, that the right to costs is a right created only by statutory law, and it depends wholly on statutory law for its enforcement. It seems that prior to the enactment of the statute of Gloucester in England, costs by that name were unknown to the courts. By the enactment of that statute the plaintiff on his recovery was allowed his costs. Later the same right by statute was given to the defendant when he successfully defeated the plaintiff's claim. This was the beginning of the costs system and it has always followed the provisions of statutory law. It has depended upon that law alone and it has since then been enforced only by its provision.

In this state, without going into detail, the legislature has fully provided for the assessment and payment of costs. It has also provided for the payment of or security for costs in advance in certain cases. The instant case is not within any of the special statutory provisions named but that it is an action which may be commenced under the general provisions of the code, and is controlled by §§11279 and 11280 GC.

The first section provides:

"A civil action must be commenced by filing in the office of the proper court a petition and causing a summons to be issued thereon."

The succeeding section provides:

"The plaintiff shall also file with the clerk of courts a precipe stating therein the name of the parties to the action. If it be for the recovery of money only, the amount for which judgment is asked; and demanding that a summons issue."

The foregoing sections require only that a petition be filed and a precipe for summons with it and impose no other limitations, make no further demands, and do not require any money consideration for the commencement of the action. It is admitted that the Relatrix in this case has complied with all of said requirements.

It must first be observed that the legislature having sole control of the matter has, by the enactment of the special laws providing for costs in advance, thereby excluded all actions which are not so provided for ·and which, therefore, must be held by such action to be exempt from any limitations of that sort.

It is apparent we think, as applied to the instant case, that the rule in question adds to the sections quoted a provision which the legislature did not intend and which, by reason of that fact, deprives the litigant of a right which comes to him directly by statutory law. It is manifest that the rule attacked in this action imposes something on a' prospective litigant that the sections quoted do not require and which may have the effect of depriving him of his rights under said section. In proof of this statement we need no further evidence than the facts before us in the instant case. The Relatrix by failing to comply with the rule has been deprived of her right to commence her action and to have it disposed of in a court of justice. ·If this rule did not impose an additional burden on litigants not provided for in any statutory law of the state, this Relatrix would not be here asking for an order directing the Clerk of the court to file her petition and issue a summons thereon.

We take it that there can be no serious contention over the proposition that a court may not by its rules in any way interfere with or disturb the operation of the statutory law. This doctrine is so generally recognized that we are content to refer to but one case to confirm. That is the case of **Van Ingen v Berger, 82 Oh St 255.** The second paragraph of the syllabus in that case reads as follows:

"A valid statute of the state cannot be rendered nugatory or materially modified by a rule by one of the courts of the state, and if a rule sought to be enforced by any of the courts is found to be in conflict with such statute, the rule will be disregarded."

At page 260 of the opinion, Judge Spear makes this observation:

"It would seem not to require argument to show that the statute and the rights of parties under it cannot be abridged by a rule of court, and if a rule is framed so as to defeat or materially restrict the clear purpose of the statute', such rule cannot be held valid."

It may be well in this connection to refer to another remark by the court in the same case which is found on page 262:

"To hold that it is superior' would be to hold that a court is superior to the law, and by a rule can make a special rule of law for the city of Cincinnati, upon a subject of a general nature, different from the law prevailing in other sections of the state, a power which has been denied to the general assembly itself."

If this rule is enforced, we find in this county a proceeding entirely different from that required in any other counties of the state, and imposing a requirement upon prospective litigants not imposed elsewhere, and in fact, is a provision unknown in any other part of the state.

We conclude that the rule attacked here by the Relatrix is not justified on the ground that the court had the inherent right to make and enforce it and that it is not in harmony with the requirements of the code in respect to the commencement of an action of the class the Relatrix is attempting to bring. It is contended, however, that under the provisions of §1558 GC, the Court of Common Pleas of this county is given general power to adopt rules including the regulation of the docketing and hearing of cases and other matters connected with the operation of the court. But this particular provision of the statute ends with the inhibition that such rules shall not be inconsistent with the general

law. We think this limitation destroys the claim that this section gives any authority to the Common Pleas Court of this county to enforce this rule.

The preamble to the rules indicates that the judges in adopting this resolution felt compelled to take some action and they were justified in trying in some way to correct a very unusual situation in the courts of this county, due to the lack of money for their operation. We do not criticize in any way their motives in the adoption of this resolution. However, a situation deplorable as it may be, cannot legally justify a court action which is not in harmony with the legislative power of the state. A situation very similar to the one presented here, may be found in the case of Case v Posey, reported in 87 Am. Dec. 525. This case arose at the close of the civil war. A trial judge had undertaken by a rule of the court to limit the cases which he would dispose of at a regular term of his court. It further appears that under the law of the state the term which was thus limited by the court's rule, must be open for the hearing and disposal of all cases properly brought before the court. One Mary E. Tooreau brought an action in the court for a money judgment and on the second day of the term in October, 1865, she asked for a judgment by default against the defendant named in the action. The court refused to grant the judgment and continued the case under the rule he had adopted for that term. She brought the action for a mandamus to be issued, ordering the judge to hear and dispose of the case, and the judge in reply to her complaint pleaded that he had adopted a rule for that term that no cases should be tried except consent and criminal cases and matters of succession. He further pleaded that he was induced to do this by reason of the distress of the people and for the proper administration of justice. That a petition of a large majority of the people and a resolution including an application by the members of the bar had induced him to take this action. The court in its opinion called attention to the fact that the legislative power of the state had established terms of court for the trial of suits and that the judiciary was not by the constitution invested with legislative power and that it had no authority to deprive the citizen by its rule of his legal rights. It held:

"Where terms of court are fixed by law for the trial of suits, a judge cannot adopt and enforce a rule of court allowing only certain cases to be tried at a particular term."

It may be further observed and we might add in conclusion that it has been held that even the legislature can impose no conditions upon the constitutional rights of a litigant to file his petition in error in the Court of Appeals, and by analogy for the same reason it must be said that the Court of Common Pleas cannot require that which statutory law does not demand in respect to the right of a litigant to invoke the jurisdiction of the Court of Common Pleas.

The demurrer to the amended answer is sustained and if the Respondent does not desire to plead further, a mandamus may issue as prayed for in the petition.

BLOSSER, PJ, and MAUCK, J, concur in judgment.