13665

GRIFFIN ET AL. v. ALLENDALE BANK ET AL.
SAME v. BEST ET AL.
RILEY v. BEST ET AL.

(170 S. E., 149)

*Messrs. Brown & Bush, T. M. Boulware* and *R. E. Whiting,* for appellants,

*Messrs. Randolph Murdaugh, Searson & Searson* and *C. B. Johnson,* for respondents,

July 13, 1933.

The opinion of the Court was delivered by MR. CHIEF JUSTICE BLEASE.

The action first entitled above, *Griffin et al. v. Allendale Bank et al.,* was brought by the named plaintiff and others, on behalf of themselves and all other depositors of the Allendale Bank in like situation, against the bank and its directors for the appointment of a receiver. His Honor, Circuit Judge Henry, who heard the application for the appointment of a receiver, declined to grant it. His order was reversed by this Court, and the cause remanded to the Circuit Court for further proceedings. See *Griffin et al. v. Allendale Bank et al.,* 160 S. C., 502, 158 S. E., 813.

About the time of the institution of that first action, the second action, entitled *Griffin et al. v. Best et al.,* was also brought by the same plaintiffs, on behalf of themselves and

other depositors of the bank in like situation, against Best, a stockholder, and other stockholders of the Allendale Bank, for the collection of the stockholders' liability. This case was allowed to rest until after the decision of the Supreme Court in the first case.

After the decision of the Supreme Court, mentioned above, the receiver of the bank was appointed by the Circuit Court, and thereafter the receiver obtained an order from his Honor, Judge Rice, authorizing and directing him to proceed in the collection of the stockholders' liability by such legal process as he might be advised.

Thereafter, on the application of the receiver and the plaintiffs in the second case, his Honor, Circuit Judge Stoll, issued an order substituting the receiver as the plaintiff in that case, and gave him leave to file a supplemental complaint.

On motion of certain defendants in the causes, his Honor, Circuit Judge Stoll, on November 13, 1931, made his order requiring "the persons on behalf of whom the said actions are brought * * * to deposit with the Clerk of Court good and sufficient bonds in each or the two above entitled causes in the sum of Three Thousand ($3,000.00) Dollars, the same to be approved by the Clerk of Court of Common Pleas of Allendale County, the said bonds each to be conditioned upon the failure of the Court to later determine that the said actions (or in each case, the action in which the bond is given), were not brought or maintained in bad faith."

The order contained a provision to the effect that, if the bond or bonds should be executed by a surety company, the premium should be paid by the receiver out of the funds of the estate in his hands.

Judge Stoll's order contained no provision for nonsuit, or other penalty upon failure of the persons affected to comply therewith, and the required bond was not furnished in either action.

The plaintiffs in the two actions gave due notice of intention to appeal to this Court from the order of Judge Stoll.

· Later the receiver filed and served his supplemental and amended summons and complaint, which is the last case stated above, seeking to collect the stockholders' liability.

On motion of the defendants, at whose instance the order of Judge Stoll as to the security for costs had been granted, his Honor, Circuit Judge Dennis, by an order dated March 14, 1932, directed a dismissal of the suit, in which the receiver had been substituted as plaintiff, in the event of the failure of the interested parties to comply within twenty days of the date of his order with the requirements of the order of Judge Stoll as to depositing security for the costs. From the order of Judge Dennis, the plaintiffs have also appealed.

Both appeals are at this time before the Court, and may be disposed of together.

The only provision for security for costs, either statutory or by rule of Court, as to actions of this character, known to us, is Rule 10 of the Circuit Court. That rule provides for security for costs "If the plaintiff resides beyond the State." The motion for security for costs in these cases was not based upon the ground that the plaintiffs, or either of them, resided beyond the State. So clearly that rule is not applicable here.

The motion seems to have been based upon the grounds that the costs would be very heavy and that the actions on the part of those who had instituted them were not brought in good faith.

It is sought by the respondents to justify the granting of the orders appealed from by the language of Section 766 of the Code, which, in full, is as follows: "In an action prosecuted or defended by an executor, administrator, trustee of an express trust, or a person expressly authorized by statute, costs shall be recovered, as in an action by and against a person prosecuting or defending in his own right; but such costs shall be chargeable only upon or collected of the estate, fund, or party represented, unless the Court shall direct the same to be paid by the plaintiff or de-

fendant personally, for mismanagement or bad faith in such action or defense."

It is our opinion that security for costs may not be required under the mentioned section. We find nothing in the language thereof to warrant the construction contended for.

The section appears in Title 13 (Section 756 et seq.), under the heading "Costs in Civil Actions." In the first section of that title (756), it is provided that "In every civil action commenced or prosecuted in the Courts of record in this State (except cases in chancery), the attorneys of plaintiff or defendant shall be entitled to recover costs and disbursements of the adverse party, as prescribed in Sections 757, 758, and Chapter 117, such costs to be allowed as of course to the attorneys of plaintiff or defendant, and all officers of the Court thereto entitled, *accordingly as the action may terminate,* and to be inserted in the judgment against the losing party. In cases in chancery, the same rule as to costs shall prevail, unless otherwise ordered by the Court." (Emphasis ours.)

We do not find in that section, or any other statute relating to costs in civil actions, anything which permits, in actions of this character, a direction on the part of the Court that a person who is a resident of this State may be required to furnish in advance security for the costs in an action. We have not been cited to any decision of this Court upholding the right to make such requirement.

Perhaps in cases of the character of these when there is likelihood, as suggested by counsel for the respondents, that a great part of the common fund in the hands of the receiver may be dissipated in unnecessary costs, the Court should be authorized to take such acts as are necessary to protect the funds, but, under the law, we know of no such power in the Court.

The orders appealed from are reversed.

MESSRS. JUSTICES STABLER and BONHAM concur.

MR. JUSTICE CARTER disqualified.